IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,152-01






EX PARTE JOSE HERRERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-0446-CR-A IN THE 25TH JUDICIAL DISTRICT COURT


FROM GUADALUPE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to ten years' imprisonment. He did not appeal his
conviction. 

 Applicant contends, inter alia, that his plea was involuntary because counsel promised him
that he would get probation in exchange for his guilty plea. Applicant was originally charged with
possession with intent to deliver a controlled substance, with a prior felony conviction alleged as an
enhancement. The plea agreement indicates that the Applicant pleaded guilty to the lesser included
offense of possession of a controlled substance, enhanced by the prior felony conviction, and the
State agreed to recommend a "cap" of ten years. The plea agreement is silent as to probation, and
the habeas record does not contain a motion for probation. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel advised Applicant that he would
receive probation if he pleaded guilty in this case. The trial court shall make findings as to whether
a motion for probation was filed prior to the entry of the plea, and as to whether defense counsel
argued for probation. The trial court shall make findings of fact and conclusions of law as to
whether Applicant was properly advised of the nature of the charges, the applicable punishment
range, the rights he was waiving, and the consequences of his plea. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 14, 2009

Do not publish